IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVIE STACKER. ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:20-cv-901 |
| ) | Judge Richardson/Frensley |
| WAL-MART INC. d/b/a/ ) | |
| WALMART SUPERCENTER ) | |
|     Defendant. ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is the Defendant's Motion/Memorandum of Law to Dismiss. Docket No. 14. The Court entered an order to show cause on November 1, 2021 based on the pro se Plaintiff's failure to respond to the motion ordering that the Plaintiff show cause on or before November 12, 2021 as to why this action should not be dismissed for failure to prosecute. The pro se Plaintiff has not responded to the motion to dismiss or the show cause order in this matter. For the reasons set forth herein, the undersigned recommends that the Defendant's motion to dismiss be **GRANTED** and this matter be **DISMISSED WITHOUT PREJUDICE.**

### BACKGROUND

This action was originally filed in the Circuit Court for Montgomery County, Tennessee. Docket No. 1-2. The Defendant removed the action to this Court on October 20, 2020. Docket No. 1. The matter was referred to the undersigned for case management on October 22, 2020. Docket No. 6. Prior to the initial case management conference, Plaintiff's counsel filed a motion to withdraw which was granted by the Court. Docket No. 11. Plaintiff was provided 30 days to retain counsel or proceed pro se and the case management conference was reset to March 1, 2021. *Id.*

Plaintiff did not obtain other counsel and on March 16, 2021, the Court entered a scheduling order in this matter (Docket No. 12) and the case was set for trial for April 12, 2022

(Docket No. 13).

On October 28, 2021, the Defendant filed the instant motion to dismiss on the grounds that the Plaintiff has failed to participate in discovery in any way whatsoever. Docket No. 14. After the Plaintiff failed to respond to the motion to dismiss, the Court entered a show cause order for Plaintiff to show cause as to why this matter should not be dismissed for failure to prosecute. Docket No. 15. The Plaintiff has not responded to either the motion to dismiss or the show cause order.

## LAW AND ANALYSIS

### A. Failure to Prosecute.

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a Plaintiff to prosecute the claim or comply with the Rules or any order of the Court. *Schafer v. City of Defiance Police Department*, 529 F. 3d 731, 736 (6th Cir. 2008)(*citing Knoll v. AT & T*, 176 F. 3d 359, 362-3 (6th Cir. 1999)); *Carpenter v. City of Flint*, 723 F. 3d 700, 704 (6th Cir. 2013)("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute."). Similarly, this Court's Local Rules provides that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." Local Rule 41.01(a)(dismissal for unreasonable delay. Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F. 3d at 736 (*quoting Knoll*, 176 F. 3d at 363).

The Court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party

has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F. 3d 731, 737 (6th Cir. 2008). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Court of Appeals for the Sixth Circuit has noted, however, that dismissal under Rule 41(b) is a "harsh sanction" and should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F. 2d at 161, *quoting Silas v. Sears, Roebuck & Co., Inc.*, 586 F. 2d 382, 385 (5th Cir. 1978).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a Plaintiff fails to prosecute or to comply with an order of the Court. *See, Jourdan v. Jabe*, 951 F. 2d 108, 109 (6th Cir., 1991). "[W]hile pro se litigants may be granted some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996).

When a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more favorably than a party who is represented. *Id.* Additionally, Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of the party seeking relief." *Link v. Wabash Railroad Co.*, 370 U. S. 626, 630 (1962).

B.  **Defendant's Motion to Dismiss**

The scheduling order in this matter set forth various deadlines including a deadline of

August 16, 2021 to complete all discovery. Docket No. 12. The Court's order included the following specific language: "<u>the Parties are put on notice that failure to cooperate in discovery or to prosecute the action may result in a recommendation to dismiss this case.</u>" Docket No. 12, p. 2. (emphasis in original).

According to the Defendant's motion, a first set of interrogatories and request for production of documents was sent to the Plaintiff on April 30, 2021. Docket No. 14, p. 2. After not receiving any response to the written discovery, the Defendant attempted on several occasions to communicate with the Plaintiff in order to receive discovery responses. *Id.* at pp. 2-3. Plaintiff acknowledged receiving the written discovery but apparently has never responded to the outstanding discovery requests. *Id.*

This is not a case of a plaintiff simply filing documents past deadlines or filing inadequate briefs. *See Mulbah v. Detroit Bd. of Educ.*, 261 F. 3d 586, 593-94 (6th Cir. 2001) (finding that the district court abused its discretion by granting a motion to dismiss for failure to prosecute). Giving due consideration to each of the factors, the Court finds that dismissal for failure to prosecute is an appropriate and necessary sanction, as no alternative sanction "would protect the integrity of pre-trial procedures." *Carter v. City of Memphis*, 636 F. 2d 159, 161 (6th Cir. 1980).

The undersigned finds that dismissal under Rule 41(b) Fed. R. Civ. P. is appropriate because the four relevant factors, considered under the "relaxed" standard for dismissal without prejudice show a record of delay, refusal to advance the case and failure to comply with the Court's orders.

With respect to the first factor, Plaintiff has failed to take any action to advance this litigation in over a year. Plaintiff has not participated in discovery or taken any action with respect to this litigation. These failures show willfulness or fault.

As to the second factor -prejudice to the defendants- they have been parties to this litigation notwithstanding Plaintiff's failure to take action. A "defendant cannot be expected to defend an action, that Plaintiff has apparently abandoned, not to mention the investment of time and resources expending to defend this case." *Miles v. Sheffield*, 2009 WL 3497794, at *2 (E. D. Mich. October 28, 2009)(internal quotations marks and citations omitted). While the Defendants have not been forced in invest significant time and resources to defend this case, they are still named parties to a federal lawsuit. All parties have a right to a just and prompt resolution to their cases. The failure to advance litigation, as the Plaintiff has here, prejudices the parties and reflects the type of situation where the Court should intervene.

The third and fourth factors likewise weigh in favor of dismissal. Here, the Plaintiff was warned that his failure to cooperate in this litigation through the show cause order could result in a recommendation that his case be dismissed. Likewise, the less drastic sanction of dismissal without prejudice is appropriate here. This matter has been pending since October 20, 2020. Docket No. 1. Nonetheless, the Plaintiff has not participated in discovery or otherwise advanced his claims.

Because all four factors weigh in favor of dismiss the undersigned recommends that the Defendant's Motion to Dismiss (Docket No. 14) be **GRANTED** and this action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report

and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

							_____
							**JEFFERY S. FRENSLEY**
							**United States Magistrate Judge**