IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVIE STACKER,             )
                           )
     Plaintiff,            )    NO. 3:20-cv-00901
                           )
v.                         )    JUDGE RICHARDSON
                           )
WAL-MART INC. d/b/a WALMART )
SUPERCENTER,               )
                           )
     Defendant.            )

**ORDER**

Pending before the Court is a Report and Recommendation of the Magistrate Judge (Doc. No. 16), recommending that Defendant's Motion to Dismiss (Doc. No. 14) be granted and this action be dismissed without prejudice for failure to prosecute. No Objections to the Report and Recommendation have been filed.[1]

---

[1] Plaintiff did mail a letter to the Court following the issuance of the Report and Recommendation. (Doc. No. 17). This letter, which was received by and filed with the Court on December 21, 2021, attaches a copy of the Report and Recommendation, thus indicating that Plaintiff was aware that the Report and Recommendation had been issued. The letter does not indicate any objections to the Report and Recommendation, however, and merely represents something she was told by someone (who is unidentified) and poses questions (apparently resulting from the fact that this case was originally filed in Montgomery County Circuit Court before being removed to this Court) regarding who has jurisdiction over Plaintiff's case. The Court thus declines to consider this letter to be an Objection to the Report and Recommendation, and proceeds with the understanding that Plaintiff has not objected to the Report and Recommendation.

As to the questions posed in Plaintiff's letter, the Court must decline to answer them (even while realizing that Plaintiff may be sincerely confused about certain procedural matters), for two reasons. The first is that federal litigation procedure simply does not recognize a party's ability to initiate on its own a "question and answer" session with the court; this kind of party-initiated dialogue is simply not a part of the process of a federal lawsuit. Second, by fully answering the questions (to the extent it can even understand what information Plaintiff is actually seeking via the questions), the Court well might run afoul of the crucial axiom that it cannot provide legal advice to any party. Despite the foregoing, the Court can and does note what should be clear by now anyway: this Court has jurisdiction over this case at this time.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The district court is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

Nonetheless, the Court has reviewed the Report and Recommendation and the file. The Report and Recommendation is adopted and approved. Accordingly, Defendant's Motion to Dismiss (Doc. No. 14) is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE**, and the Clerk is directed to close the file. This Order shall constitute the final judgment in this case under Fed. R. Civ. P. 58.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE